UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROSE MANUEL | CIVIL ACTION |
| VERSUS | NO: 19-13505 |
| PRIMERICA LIFE INSURANCE COMPANY | SECTION: "D" (4) |

### ORDER

Before the Court is a **Motion to Fix Attorney's Fees (R. Doc. 38)** filed by Defendants Primerica Life Insurance Company ("Primerica Life") seeking an order from the Court fixing attorneys' fees in the amount of $1,688.40. The motion is opposed. R. Doc. 40. The motion was submitted on September 17, 2020 and was heard on the briefs.

I.    **Background**

This case involves a claim for death benefits under a life insurance policy issued by Primerica Life to Rose Manuel and insuring the life of her son Dondrick Wilson. *See* R. Doc. 1-2. According to Defendant, the policy allegedly lapsed before his death and Primerica Life sent a letter dated July 17, 2019 advising of the policy lapse and offered to reinstate it if the premium was paid in twenty (20) days and the insured was still alive. R. Doc. 38-1. Manuel's son, Wilson, was shot in the early hours of July 27, 2019, and shortly thereafter she attempted to pay the outstanding premiums to reinstate the policy. *Id.* However, because the insured predeceased the attempted reinstatement, Primerica Life did not reinstate the policy and denied the claim and refunded the premium. *Id.*

On August 20, 2020, the Court granted Defendants' Motion to Compel finding in part that they were entitled to attorneys' fees under Federal Rule of Civil Procedure 37(a)(5). R. Doc. 27. As part of that order, the Court ordered that Defendants file a motion to fix attorneys' fees and costs. *Id.* Defendants, thereafter, filed the subject motion on September 16, 2020, requesting

1

$1,688.40 in attorneys' fees. R. Doc. 38.  Rose Manuel opposed the motion asserting that the matter settled on the day of the hearing on the motion to compel. R. Doc. 40.

**II.**     **Standard of Review**

The Supreme Court has specified that the "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Lodestar is computed by ". . . the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar calculation, ". . . provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* Once the lodestar has been determined, the district court must consider the weight and applicability of the twelve factors delineated in *Johnson*. *See Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993).[1] Subsequently, if the *Johnson* factors warrant an adjustment, the court may make modifications upward or downward to the *Lodestar*. *Id.*  However, the *Lodestar* is presumed to be a reasonable calculation and should be modified only in exceptional circumstances. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees by submitting "adequate documentation of the hours reasonably expended" and demonstrating the use of billing judgement. *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997)).

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

### III.    Alleged Settlement

Before addressing the merits of the motion, the Court will address the issue of whether the case was settled.  Plaintiff's counsel contends that the request for attorney's fees is moot because on the day of the hearing of the motion to compel  he settled the entire case.  However, counsel's own submission confirms that no settlement took place because the client died on March 2020 due to COVID-19.  R. Doc. 40.  Even if counsel's intent was to settle the case, his client was dead five months before he tried to do so; therefore, no settlement was confected in August. *Id.* Having determined that a settlement did not take place the Court will proceed with analyzing  the subject motion.

### IV.    Reasonable Hourly Rate

The "appropriate hourly rate . . . is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir.2012)). Moreover, the rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'" *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, 13–00454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. Finally, if the hourly rate is not opposed, then it is *prima facie* reasonable. *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990) (quoting *Islamic Ctr. of Mississippi v. City of Starkville*, 876 F.2d 468, 469 (5th Cir. 1989)).

Here, Mr. Trapolin is a graduate of Loyola University College of Law where he was a member of the law review. *Id.* He has been practicing nineteen (19) years and he is licensed to

3

practice in Louisiana and Mississippi in all state and federal courts. *Id.* His hourly rate is $252.00. The rate is not contested and therefore reasonable.

V.      **Hours Reasonably Spent on Litigation**

Next, the Court must determine the reasonable time expended on the litigation. The party seeking the fee bears the burden of documenting and supporting the reasonableness of all-time expenditures that compensation is sought. *Hensley*, 461 U.S. at 437. The "[c]ounsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary…" *Id.* at 434. Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Id*. The Supreme Court calls on fee applicants to make request that demonstrate "billing judgement". *Id*. The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended.  *See Hensley*, 461 U.S. at 434; *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'"). Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642, 662 (5th Cir. 2002) *overruled on other grounds by Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006).

When the motion for attorneys' fees is in connection to a Rule 37(a) motion to compel, the reasonable hours are further limited to only those hours directly connected to the motion to compel. *Stagner v. W. Kentucky Navigation, Inc.*, No. 02-1418, 2004 U.S. Dist. LEXIS 1936 (E.D. La. Feb. 10, 2004) ("However, Rule 37(a) does not contemplate costs incurred by the party in the normal course of litigation, absent a direct relation to the motion to compel.").

Defendants' billing records reflect that a total of 7.5 hours was put into seeking the outstanding discovery and filing the motion to compel. *See* R. Doc. 38-3. Yet, in their motion, Defendants only seek to be compensated for 6.7 hours of Trapolin's work, reflecting billing judgment. R. Doc. 38-1, p. 5.

As an initial matter, the Court notes that, upon in camera review of the unredacted version of Defendants' counsel billing records, that, in general, the Court find that the entries are reasonable with the exception of the entry for 2.80 hours dated July 24, 2020 involving document preparation regarding drafting motion to compel initial disclosures and specifically evidence supporting claims. *See* R. Doc. 38-3. The memorandum in support of the motion is just eight pages, no case citations, and limited code references. *See* R. Doc. 25-1. The more extensive work would have involved the inclusion of the exhibits which is normally a paralegal task. The Court finds that 1.50 hours is reasonable for this entry. This reduces the time Defendants are to be compensated for Trapolin's work from 6.7 hours to 5.4 hours.

Therefore, the Court finds that 5.4 hours is reasonable for the work associated with the motion at a rate of $252.00 for a total award of $1,360.80 in attorney's fees. Note this assessment is to be paid by the plaintiff's counsel who did not file a response indicating that his client was deceased and had been so since March, nor did he disclose that her illness was the reasons for his inability to respond to the discovery. The Court notes further, according to the record, he did not disclose her death even in August when he thought he settled the case.

### VI. **Adjusting the *Lodestar***

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. However, "the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for

enhancement purposes, and accordingly, the Fifth Circuit has held that '[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts.'" *Wells Fargo Equip. Fin., Inc. v. Beaver Const., LLC*, No. CIV. 6:10-0386, 2011 WL 5525999, at *3 (W.D. La. Oct. 18, 2011) (citing *Walker v. U.S. Department of Housing and Urban Development*, 99 F.3d 761, 771–72 (5th Cir. 1996)). Finally, to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision*, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

### VII.  Conclusion

Accordingly,

**IT IS ORDERED** that the Defendants' **Motion to Fix Attorney's Fees (R. Doc. 38)** is **GRANTED.** Defendants are awarded reasonable attorneys' fees and expenses in the amount of **$1,360.80**.

**IT IS FURTHER ORDERED** that the plaintiff's counsel shall satisfy its obligation to Defendants no later than **twenty-one (21) days** from the issuance of this Order.

New Orleans, Louisiana, this 28th day of December 2020.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**